UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No.: 5:19-cv-00751-DMG-MAA | Date: May 7, 2019 |
| Title: Ponce v. Eldridge | |

Present: The Honorable MARIA A. AUDERO, United States Magistrate Judge

| Chris Silva | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings (In Chambers):**  Order to Show Cause Why the Action Should Not Be Dismissed for Untimeliness

On April 4, 2019, Petitioner Henry Cardenas Ponce constructively filed a petition for writ of habeas corpus. ("Petition," ECF No. 1.) The Petition stems from Petitioner's June 1, 2006 conviction for several sexual offenses in the Riverside County Superior Court, Case No. SWF004455. (*Id.* at 2.) Petitioner appealed this conviction, and the California Court of Appeal affirmed the judgment but remanded for resentencing on several counts. *See People v. Ponce*, No. E041285, 2008 Cal. App. Unpub. LEXIS 1949, at *19, 2008 WL 616243, at *7 (Cal. Ct. App. Mar. 7, 2008).[1] On May 14, 2008, the California Supreme Court denied a petition for review of the direct appeal decision. *People v. Ponce*, No. S162076, 2008 Cal. LEXIS 5658, at *1 (Cal. May 14, 2008).

Nearly a decade after his conviction became final, Petitioner rekindled proceedings in the state courts with two habeas petitions in the Riverside County Superior Court, which denied those petitions. (Petition at 3-4.) Petitioner then brought two habeas petitions and a petition for writ of mandate in the California Court of Appeal, which denied those petitions. (*Id.* at 4, 50.) Finally, Petitioner presented a habeas petition to the California Supreme Court. The California Supreme

---

[1] Petitioner avers that he no longer has information regarding his direct appeal proceedings. (*See* Petition at 2-3.) The Court takes judicial notice of the dockets in Petitioner's post-trial state-court cases: Riverside County Superior Court Case Nos. RIC1721665 and RIC1900693; California Court of Appeal Case Nos. E041285, E070124, E070666, and E070837; and California Supreme Court Case Nos. S162076 and S250994. *See* Fed. R. Evid. 201(b)(2) ("The court may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."); *Harris v. Cty. of Orange*, 682 F.3d 1126, 1131-32 (9th Cir. 2012) (court may take judicial notice of "documents on file in federal or state courts").

Court denied the petition, citing *In re Robbins*, 18 Cal. 4th 770, 780 (1998). (*Id.* at 4-5; *see also id.* at 53 (citing *Robbins* for the proposition that "courts will not entertain habeas corpus claims that are untimely").)

Petitioner then commenced this federal action. Petitioner submitted the Petition for mailing on April 4, 2019 (Petition at 54), so the Court deems the Petition to have been constructively filed on that date. *See Campbell v. Henry*, 614 F.3d 1056, 1058-59 (9th Cir. 2010) ("Under the mailbox rule, a prisoner's pro se habeas petition is deemed filed when he hands it over to prison authorities for mailing to the relevant court." (citation and quotation marks omitted)); *accord* Rule 3(d) of the Rules Governing Section 2254 Cases in the United States District Courts. The Petition before this Court alleges five grounds for relief: (1) "carbon copy charges," (2) "jury instructions lost," (3) "false records in court record," (4) "cautionary instruction not given," and (5) "ineffective assistance of trial counsel." (*Id.* at 5, 11 (emphasis and capitals removed).)

District courts may consider *sua sponte* whether a state habeas petition is untimely and may dismiss a petition that is untimely on its face after providing the petitioner with an opportunity to respond. *See Day v. McDonough*, 547 U.S. 198, 209 (2006); *Wentzell v. Neven*, 674 F.3d 1124, 1126 (9th Cir. 2012). As discussed below, the Petition on its face is apparently untimely.

28 U.S.C. § 2244(d)(1) affords a state prisoner one year from the end of the direct appeal process to petition a federal court for a writ of habeas corpus. Here, the California Supreme Court denied Petitioner's petition for review of the Court of Appeal's decision on direct appeal on May 14, 2008. (Petition at 3.) There is no evidence that Petitioner sought a writ of certiorari in the United States Supreme Court. Thus, for the purpose of federal habeas review, Petitioner's conviction became final on August 12, 2008, ninety days after the California Supreme Court's decision. *See* 28 U.S.C. § 2244(d)(1)(A); *Zepeda v. Walker*, 581 F.3d 1013, 1016 (9th Cir. 2009). Thus, absent any tolling, the deadline to file a federal habeas petition was August 12, 2009.

The limitations period is statutorily tolled while any properly filed application for post-conviction relief is pending in the state courts. *See* 28 U.S.C. § 2244(d)(2). Additionally, so long as the petitioner's initial state habeas petition is timely, the time between an adverse decision of a lower state court and the petitioner's timely application in a higher state court also is tolled. *See Valdez v. Montgomery*, 918 F.3d 687, 690 (9th Cir. 2019). According to the Riverside County Superior Court's website, Petitioner filed his first state habeas petition on November 15, 2017. (The conformed face page of the petition in Riverside County Superior Court Case No. RIC1721665 is

attached to this Order.) Even if the Court assumed that Petitioner's state habeas petitions were timely filed, statutory tolling would not cure the Petition's untimeliness. The limitations period expired in 2009, years before Petitioner brought his first habeas petition in a state court. Thus, it appears that there was no extant limitations period that possibly could be tolled. *See, e.g.*, *Larsen v. Soto*, 742 F.3d 1083, 1088 (9th Cir. 2013) ("[S]ection 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed." (quoting *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003))).

In addition to statutory tolling, the limitations period also may be subject to equitable tolling. Equitable tolling is appropriate if a petitioner can demonstrate (1) he has diligently pursued his rights and (2) some extraordinary circumstance prevented timely filing. *See Holland v. Florida*, 560 U.S. 631, 649 (2010). Equitable tolling is applied sparingly, and the threshold to trigger such tolling is high. *See, e.g.*, *Waldron-Ramsey v. Pacholke*, 556 F.3d 1008, 1011 (9th Cir. 2009). Here, Petitioner has not alleged any facts in the Petition indicating that he may be entitled to equitable tolling.

Finally, in rare and extraordinary cases, a convincing showing of actual innocence may serve as a gateway through which a petitioner may pass to overcome the statute of limitations. *See McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). The standard for a claim of actual innocence is demanding: a petitioner must "persuade[] the district court that, in light of . . . new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id.* (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)). To bring a tenable claim of actual innocence, a petitioner must "support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup*, 513 U.S. at 324. The habeas court then "consider[s] all the evidence, old and new, incriminating and exculpatory, admissible at trial or not," and "makes a probabilistic determination about what reasonable, properly instructed jurors would do." *Lee v. Lampert*, 653 F.3d 929, 938 (9th Cir. 2011) (alteration in original) (citations and quotation marks omitted). Unexplained or unjustified delay in presenting new evidence is "a factor in determining whether actual innocence has been reliably shown." *Perkins*, 569 U.S. at 387. Here, the Petition does not identify any such new evidence, let alone provide evidence that casts serious doubt about the conviction and that would permit the Court to consider Petitioner's otherwise time-barred claims.

# CIVIL MINUTES – GENERAL

Case No.: 5:19-cv-00751-DMG-MAA                                  Date: May 7, 2019

Title:    Ponce v. Eldridge

     Absent further evidence, the Petition appears to be barred as untimely pursuant to 28 U.S.C. § 2244(d)(1). Petitioner is **ORDERED TO SHOW CAUSE** in writing no later than **June 6, 2019** why this Court should not recommend dismissal of this action as untimely.

     Petitioner may satisfy this Order to Show Cause by filing a written response either (1) conceding that the action is untimely or (2) setting forth additional facts that would meet his burden to show (a) he is entitled to statutory tolling, (b) he is entitled to equitable tolling, or (c) new reliable evidence supports an allegation that he is actually innocent. *See, e.g.*, *Banjo v. Ayers*, 614 F.3d 964, 967 (9th Cir. 2010) ("[The petitioner] bears the burden of proving that the statute of limitations was [statutorily] tolled."); *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (acknowledging that the petitioner bears the burden of proving equitable tolling is appropriate); *Lee*, 653 F.3d at 938 (acknowledging that the petitioner bears the burden to show actual innocence). After the Court receives Petitioner's response, the Court may prepare a Report and Recommendation of dismissal for submission to the District Judge. This Order to Show Cause is not dispositive of any of Petitioner's claims.

     Instead of filing a response to the Order to Show Cause, Petitioner may request to dismiss this action voluntarily pursuant to Federal Rule of Civil Procedure 41(a). The Clerk is directed to attach Form CV-09 (Notice of Dismissal Pursuant to Federal Rules of Civil Procedure 41(a) or (c)) to this Order to Show Cause.

     **Petitioner expressly is cautioned that failure to respond timely to this Order to Show Cause will result in a recommendation that the Petition be dismissed for failure to prosecute and failure to comply with a court order pursuant to Federal Rule of Civil Procedure 41(b), and for untimeliness pursuant to 28 U.S.C. § 2244(d)(1).**

It is so ordered.

**Time in Court:** 0:00
**Initials of Preparer:** CSI