UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.:  5:19-cv-00751-DMG-MAA                     Date:  June 20, 2019

Title:  Ponce v. Eldridge

Present:  The Honorable MARIA A. AUDERO, United States Magistrate Judge

| Chris Silva | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings (In Chambers):**          **Second Order to Show Cause Why the Action Should Not Be Dismissed for Untimeliness**

On April 4, 2019, Petitioner Henry Cardenas Ponce constructively filed a petition for writ of habeas corpus. ("Petition," ECF No. 1.)  Observing that the Petition appears to be untimely on its face, the Court ordered Petitioner to show cause why the action should not be dismissed for untimeliness. ("First OSC," ECF No. 4.)  Petitioner submitted a response on May 21, 2019. ("Response," ECF No. 5.)

Petitioner asserts that the Magistrate Judge ordered Petitioner "to document how he 'Federalized'" his claims, and he appears to argue that he asserts cognizable federal habeas claims. (*See* Response at 1-2.)  But whether Petitioner asserts cognizable claims asserting the violation of federal constitutional rights is outside the scope of the First OSC, which noted only that the Petition appeared to be untimely on its face.

Petitioner states that he "provides the Court with extraordinary circumstances that this Honorable Court should make exception to the time limits requirements." (Response at 4.)  Petitioner avers under penalty of perjury that "he never committed any of the sexual crimes that he was brought to trial for allegedly committing." (Response at 4.)  Petitioner also notes that the existence of a letter from the victim recanting allegations of Petitioner's sexual misconduct also shows he is actually innocent. (*See id.* at 4-5.)  Though a convincing showing of actual innocence may serve as a gateway through which a petitioner may pass to overcome the statute of limitations, the standard to pass through that gateway is exceedingly high. *See McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013) (construing *Schlup v. Delo*, 513 U.S. 298 (1995)).  Petitioner's statement alone is insufficient to support a conclusion that the trial proceeding probably resulted in the conviction of a person who is actually innocent. *See, e.g., Larsen v. Soto*, 742 F.3d 1083, 1096 (9th Cir. 2013)

**CIVIL MINUTES – GENERAL**

Case No.:  5:19-cv-00751-DMG-MAA                              Date:  June 20, 2019

Title:  Ponce v. Eldridge

("[W]e have denied access to the *Schlup* gateway where a petitioner's evidence of innocence was merely cumulative or speculative or was insufficient to overcome otherwise convincing proof of guilt."); *Roberts v. Vasquez*, No. ED CV 16-2106-BRO (SP), 2017 U.S. Dist. LEXIS 188290, at *11 (C.D. Cal. Sept. 21, 2017) ("A self-serving statement is insufficient to meet the demanding *Schlup* standard."), *adopted*, 2017 U.S. Dist. LEXIS 188288 (C.D. Cal. Nov. 8, 2017).

Moreover, evidence that the victim had written a letter recanting the allegations apparently was presented at trial, as reflected in the California Court of Appeal's summary of the factual and procedural background in the direct appeal decision.  As described in the decision:

> In December 2003, assisted by her mother and an aunt, Jane [Doe, the victim,] wrote a letter recanting her statements about defendant's conduct. In it she said she had lied and she was scared to go to juvenile hall if she admitted lying.  She testified her mother pressured her into writing the letter so Jane could get her belongings and her dog from her grandmother's house and because her grandmother offered her $20.  Her grandmother cried about defendant going to jail.  Jane did not get back any of her belongings or her dog or receive $20.  She is estranged from her mother and grandmother.

*People v. Ponce*, 2008 Cal. App. Unpub. LEXIS 1949, at *5-6, 2008 WL 616243, at *2 (Cal. Ct. App. Mar. 7, 2008).  The Court of Appeal's factual summary is presumed to be correct.  *See Hedlund v. Ryan*, 854 F.3d 557, 563 (9th Cir. 2017).  Thus, given that this letter, or at least the existence of the letter, apparently was presented to the jury at trial, it may not serve as "new reliable evidence" sufficient to propel Petitioner through the actual innocence gateway.  *Schlup*, 513 U.S. at 324; *see also Hubbard v. Pinchak*, 378 F.3d 333, 341 (3d Cir. 2004) ("repackaging of the record as presented at trial" is insufficient to serve as "new" evidence supporting assertion of actual innocence); *Griffin v. Johnson*, 350 F.3d 956, 963 (9th Cir. 2003) ("[H]abeas petitions may pass *Schlup*'s test by offering 'newly presented' evidence of actual innocence.").

Further, Petitioner appears to claim that the Supreme Court's decision in *McCoy v. Louisiana*, 138 S. Ct. 1500 (2018), constitutes a change in facts and law providing for a later commencement of the statute of limitations, as provided by 28 U.S.C. § 2244(d)(1)(C).  (*See* Response at 4.)  However, Petitioner does not cite, and the Court is unaware of, any binding authority suggesting that the Supreme Court made *McCoy* retroactively applicable to cases on collateral review.  *See Addison v. Brittain*, No. 18-1649, 2019 U.S. Dist. LEXIS 50509, at *4-7 (W.D. Pa. Mar. 25, 2019) (noting dearth of authority suggesting *McCoy* announced a newly recognized constitutional right made retroactively applicable to cases on collateral review), *adopted*,

**CIVIL MINUTES – GENERAL**

Case No.:  5:19-cv-00751-DMG-MAA                    Date:  June 20, 2019

Title:    Ponce v. Eldridge

2019 U.S. Dist. LEXIS 85946 (W.D. Pa. May 22, 2019); *cf. Scott v. Howell*, 2019 U.S. App. LEXIS 17850, at *1 (9th Cir. June 13, 2019) (denying application for authorization to file a second or successive habeas petition because applicant had not shown *McCoy* was made retroactive to cases on collateral review per 28 U.S.C. § 2244(b)(2)(A)).

Consequently, Petitioner has yet to show any reason the Court should not summarily dismiss the Petition as untimely.  In consideration of Petitioner's *pro se* status, the Court will afford Petitioner one final opportunity to address the statute of limitations issue previously identified by the Court.  Petitioner is **ORDERED TO SHOW CAUSE** in writing no later than **July 22, 2019** why this Court should not recommend dismissal of this action as untimely.

Petitioner may satisfy this Order to Show Cause by filing a written response either (1) conceding that the action is untimely, or (2) setting forth additional facts that would meet his burden to show (a) he is entitled to statutory tolling, (b) he is entitled to equitable tolling, or (c) new reliable evidence supports an allegation that he is actually innocent.  *See, e.g.*, *Banjo v. Ayers*, 614 F.3d 964, 967 (9th Cir. 2010) ("[The petitioner] bears the burden of proving that the statute of limitations was [statutorily] tolled."); *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (acknowledging that the petitioner bears the burden of proving equitable tolling is appropriate); *Lee*, 653 F.3d at 938 (acknowledging that the petitioner bears the burden to show actual innocence).  After the Court receives Petitioner's response, the Court may prepare a Report and Recommendation of dismissal for submission to the District Judge.  This Order to Show Cause is not dispositive of any of Petitioner's claims.

Instead of filing a response to the Order to Show Cause, Petitioner may request to dismiss this action voluntarily pursuant to Federal Rule of Civil Procedure 41(a).  The Clerk is directed to attach Form CV-09 (Notice of Dismissal Pursuant to Federal Rules of Civil Procedure 41(a) or (c)) to this Order to Show Cause.

**CIVIL MINUTES – GENERAL**

Case No.:  5:19-cv-00751-DMG-MAA                    Date:  June 20, 2019

Title:  Ponce v. Eldridge

      **Petitioner expressly is cautioned that failure to respond timely to this Order to Show Cause will result in a recommendation that the Petition be dismissed for failure to prosecute and failure to comply with a court order pursuant to Federal Rule of Civil Procedure 41(b), and for untimeliness pursuant to 28 U.S.C. § 2244(d)(1).**

It is so ordered.

Attachment
Form CV-09 (Notice of Dismissal Pursuant to Federal Rules of Civil Procedure 41(a) or (c))

|  |  |
| --- | --- |
| **Time in Court:** | 0:00 |
| **Initials of Preparer:** | CSI |